IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTINE LUCERO, next friend,
DAN LUCERO,

        Plaintiff,

                                  No. 2:19-cv-00445-MV-KRS

v.

CITY OF CLOVIS POLICE
DEPARTMENT, *et al.*,

        Defendants.

## ORDER GRANTING MOTION TO STAY AND DENYING WITHOUT PREJUDICE MOTIONS TO COMPEL

**THIS MATTER** comes before the Court on Defendants' motion to stay discovery pending resolution of their motion for summary judgment based on qualified immunity. (Doc. 38). Plaintiff opposes, and the time for filing a reply has elapsed. Having reviewed the parties' submissions along with the available record, the Court **GRANTS** Defendants' motion.

Qualified immunity entitles police officers sued for money damages to avoid trial and the other burdens of litigation, including discovery. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). As a result, when officers file a dispositive motion based on qualified immunity, they are entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004). The timing of the dispositive motion is inconsequential; a defendant does not waive his or her right to be free from trial or the discovery process by failing to assert qualified immunity at the earliest possible time. *See MacArthur v. San Juan Cnty.*, 495 F.3d 1157, 1162 (10th Cir. 2007).

Plaintiff argues, in sum, that Defendants did not timely raise qualified immunity and have otherwise not established a need for the stay. This "bad faith" precludes relief in Plaintiff's view. But timing is of no consequence and Defendants only "need" is to file a dispositive motion that asserts qualified immunity. *See Jiron*, 392 F.3d at 414. Defendants have filed such a

motion.  A stay of discovery is, therefore, an entitlement in this instance, and the burden is on Plaintiff to show a need for discovery to overcome immunity—not the reverse.  Notably, a plaintiff may satisfy this burden by seeking relief under Federal Rule of Civil Procedure 56(d) and demonstrating that discovery is necessary to defend against the assertion of qualified immunity.  *See Dalton v. Town of Silver City ex rel. Silver City Police Dep't*, 2018 U.S. Dist. LEXIS 76678, at *6 (D.N.M. May 7, 2018) ("[T]he Rule 56(d) mechanism preserves the protection of qualified immunity by preventing broad-reaching discovery, but permitting limited discovery which may be necessary when the doctrine is asserted in a motion for summary judgment. . . .").  Plaintiff does not argue that discovery is necessary to respond to the summary judgment motion, and the Court concludes a stay is appropriate here.

Finally, Plaintiff encourages the Court to order all Defendants to respond to outstanding discovery requests for which Plaintiff has moved to compel. (*See* Docs 27 & 28).  The Court understands Plaintiff's frustration, but to grant relief would contradict the entitlement not to answer discovery in the first instance, especially since Plaintiff makes *no* argument that discovery is necessary to the qualified immunity analysis.  And all Defendants are beneficiaries of the stay, even entity defendants that are not themselves entitled to assert qualified immunity.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).  The Court will therefore allow the threshold question of immunity to be resolved without the ordering Defendants to respond to outstanding discovery or adjudicating the pending motions to compel.  Plaintiff will be free to refile their motions to compel should Plaintiff overcome Defendants' qualified immunity.

**IT IS, THEREFORE, ORDERED** that Defendants' motion for a stay (Doc. 38) is **GRANTED** and discovery is **STAYED** pending resolution of Defendants' motion for summary judgement.

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel (Docs. 27 & 28) are **DENIED without prejudice**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE