**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CHRISTINE LUCERO, as Next Friend
to DAN LUCERO

                Plaintiff,

v.                                                      No. 2:19-cv-445 KWR/KRS

CITY OF CLOVIS POLICE DEPARTMENT et al.,

                Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Plaintiff's Motion for Sanctions, (Doc. 80), filed July 17, 2020. Plaintiff asks the Court to award sanctions against Defendants, including default judgment and attorney fees, for Defendants' failure to participate meaningfully in written discovery and comply with the Court's orders. Defendants did not file a response to the Motion and Plaintiff filed a Notice of Briefing Complete on August 5, 2020. (Doc. 82). On October 23, 2020, the presiding judge referred the Motion to the undersigned to conduct hearings and recommend an ultimate disposition of the Motion in accordance with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b). (Doc. 92). On November 4, 2020, pursuant to the Court's order, Plaintiff filed a Supplement to update the status of outstanding discovery. (Doc. 94). The Court ordered Defendants to file a response to the Supplement by November 18, 2020, but Defendants failed to do so. The Court held a hearing on the Motion for Sanctions on December 1, 2020 at which counsel for both parties appeared. (Doc. 103). Having considered the Motion, Supplement, record of the case, statements made at the December 1, 2020 hearing, and relevant law, the Court recommends granting the Motion for Sanctions as set forth below.

I.     BACKGROUND

On March 9, 2020, the presiding judge entered an order granting in part and denying in part Defendants' Motion for Summary Judgment based on qualified immunity, leaving Count 1, Plaintiff's excessive force claim against Defendant Aguilar, as the sole remaining claim in this case.  (Doc. 49) at 13-14.  Following entry of this order, the Court lifted the stay of discovery, and Plaintiff refiled her Motions to Compel, in which she asked the Court to compel Defendants to fully respond to Plaintiff's discovery requests, provide dates for Defendant Aguilar's deposition, verify their discovery responses, and for attorney's fees and costs.  (Doc. 52) (Motion to Compel against Defendant Aguilar); (Doc. 53) (Motion to Compel against Defendants City of Clovis Police Department and Ford).

On June 11, 2020, the Court held a hearing on Plaintiff's Second Motions to Compel, granted the Second Motions to Compel, and awarded Plaintiff attorney's fees.  *See* (Docs 77 and 78).  Specifically, the Court ordered: (1) Defendant Aguilar to fully respond to Plaintiff's discovery requests by July 3, 2020; (2) Defendant Aguilar to provide dates by July 10, 2020 for his deposition; (3) that Defendant Aguilar's deposition be held by August 30, 2020; and (4) Defendants City of Clovis and Ford to fully respond to Plaintiff's discovery requests by July 10, 2020.  (Doc. 78) at 2.  The Court also awarded Plaintiff attorney fees and costs incurred in connection with preparing and litigating the Second Motions to Compel.  *Id.*[1]

In Plaintiff's Motion for Sanctions, Plaintiff states Defendants failed to provide any supplemental discovery by the deadlines in the Court's Order.  (Doc. 80) at 2.  Plaintiff's counsel contacted Defendants' counsel on July 13, 2020, and Plaintiff's counsel thereafter received a

---

[1] On October 23, 2020, the Court awarded Plaintiff attorney's fees and costs as set forth in Plaintiff's Itemization of Fees, (Doc. 79).  (Doc. 91).

letter from Defendants' counsel dated July 14, 2020 with an enclosed USB drive containing only the personnel file of Defendant Aguilar and no other documents. *Id.* In Plaintiff's Supplement, Plaintiff states that Defendant's deposition was held on August 17, 2020, but Defendants have still not provided fully responsive interrogatory responses, verification pages for responses, Defendant City of Clovis Police Department's insurance policy, Police Department policies and procedures, disciplinary reports contained in personnel files, and records regarding the police dog central to this case. (Doc. 94) at 4. Plaintiff states she has taken depositions and filed expert witness reports without the benefit of written discovery, and she is unable to adequately prosecute her case due to Defendants' refusal to provide relevant and necessary discovery. *Id.* at 2; (Doc. 80) at 2. Therefore, Plaintiff asks the Court to enter default judgment against Defendants and award her attorney fees associated with briefing the Motion for Sanctions. *Id.* at 3.

At the December 1, 2020 hearing, Defendants' counsel provided the following reasons for his failure to comply with his discovery obligations and the Court's orders: (1) Defendant Aguilar was out of the country last year and has been difficult to reach during the pendency of this case; (2) Defendants were given a short time frame to comply with the Court's order granting Plaintiff's Second Motions to Compel; (3) Plaintiff's counsel was well-prepared for Defendant Aguilar's deposition and appeared to have adequate information for the deposition; and (4) Defendants' counsel moved offices this summer and lost access to his files for a period of time. Defendants' counsel acknowledged that Defendant Aguilar's discovery responses are inadequate and stated that it would cost his client more money to fully respond to the discovery requests than to pay for Plaintiff's attorney's fees. Nevertheless, Defendants' counsel stated he had no intent to ignore the Court's order. *See* (Doc. 103).

3

## II.     LEGAL STANDARDS

Rules 16(f) and 37(b)(2)(A) of the Federal Rules of Civil Procedure permit a court to enter a default judgment when a party disobeys a court order. Courts disfavor default judgments as a use of the court's power "to enter and enforce judgments regardless of the merits of the case, purely as a penalty for … procedural error[s]." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). As such, default judgment must be "viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 1444. Moreover, default judgment "should be used only when a party's noncompliance is due to willfulness, bad faith, or any fault of the disobedient party and not when a party is unable to comply with a discovery order." *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013) (citation omitted).

Before imposing a default judgment as a sanction, a court should consider the following factors: (1) the degree of actual prejudice to the moving party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the disobedient party in advance that its actions could result in judgment against it; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.*; *see also Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (explaining these factors "do not create a rigid test but are simply criteria for the court to consider"). *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002).

**III.   ANALYSIS**

With respect to the first *Ehrenhaus* factor, Defendants' failure to adequately respond to or supplement their discovery responses has prejudiced Plaintiff by impeding her ability to prosecute her case.  Meanwhile, Plaintiff has continued to incur litigation expenses by attempting to engage Defendants to comply with the Court's order, preparing and arguing the Motion for Sanctions, and continuing to supplement Plaintiff's initial disclosure and discovery responses. *See* (Docs. 81, 83, 88, 90).  Accordingly, this factor weighs in favor of default judgment.

The second factor—the amount of interference with the judicial process— also weighs in favor of default judgment.  Defendants' failure to meet their discovery obligations has resulted in no fewer than five motions by Plaintiff seeking Court intervention to obtain discovery and recover unnecessarily incurred expenses.  *See* (Docs. 27, 28, 52, 53, 80).  Moreover, Defendants' disregard for the Court's July 8, 2020 order setting deadlines to supplement discovery is a blatant interference with the judicial process and could be considered contempt of court.  *See* Fed. R. Civ. P. 37(b)(2)(A)(vii) (explaining a party's failure to obey an order to provide or permit discovery may be treated as contempt of court).  Even though Defendants' counsel argues that Plaintiff's counsel was adequately prepared for Defendant Aguilar's deposition despite the lack of required discovery, that does not excuse Defendants' failure to comply with their discovery obligations.

The third *Ehrenhaus* factor—Defendants' culpability—also weighs in favor of default judgment.  Defense counsel's assertion that Defendant Aguilar was out of the country earlier in the case does not mitigate Defendants' culpability because Defendant Aguilar returned as early as June 30, 2020, which is before the deadlines set forth in the Court's July 8, 2020 order.  *See*

(Doc. 94-3) (Defendant Aguilar's testimony about his return to the United States and to New Mexico). Defendant's Aguilar's location also does not excuse Defendant Clovis Police Department's failure to provide fully responsive discovery and does not explain Defendants' failure to supplement their deficient responses during the more than four months Plaintiff's Motion for Sanctions has been pending. Moreover, Defendants did not request any extensions of time or otherwise notify the Court of difficulties in complying with the Court's order, and they have provided no evidence of their unavailability or inability to respond to discovery requests.

As for Defendants' counsel's assertion at the December 1, 2020 hearing that he had no intent to ignore the Court's order compelling discovery, that does not square with his statement that he reasoned that it would cost his client more money to respond to the discovery requests than to pay Plaintiff's attorney's fees and his complete failure to respond to Plaintiff's Motion for Sanctions and Supplement. Importantly, while default judgment "is appropriate only in cases of willful misconduct," such misconduct is present where there is "any intentional failure as distinguished from involuntary noncompliance" and "[n]o wrongful intent need be shown." *Derma Pen, LLC v. 4EverYoung Ltd.*, 736 Fed. Appx. 741, 745-46 (10th Cir. 2018) (citation omitted). Defendants have not alleged they were unable to comply with their discovery obligations and the Court finds they are culpable for their failure to supplement their discovery responses.

The fourth factor considers "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance." *Ehrenhaus*, 965 F.2d at 921. Here, the Court did not expressly warn Defendants that their failure to comply with its order would likely result in default judgment. *Cf. Ehrenhaus*, 965 F.2d at 921 (holding that the district court's invitation to defense counsel to file a motion to dismiss if the *pro se* plaintiff failed to

comply with the court's order regarding deposition attendance was sufficient to put the plaintiff on notice that failure to comply with the order would subject the plaintiff's claims to dismissal). However, Defendants were on notice that Plaintiff sought the sanction of default judgment when she filed her Motion for Sanctions. (Doc. 80) at 3. Defendants have had sufficient opportunity to remedy their failure to comply with their discovery obligations and they chose not to do so. Therefore, the Court finds this factor weighs neither in favor of nor against default judgment.

Finally, the fifth factor—the efficacy of lesser sanctions—weighs in favor of default judgment. Defendants have known since at least June 11, 2020 that they were required to supplement their discovery responses and they have failed to do so despite a pending Motion for Sanctions asking for default judgment. Defendants not only failed to respond to Plaintiff's discovery requests, they also failed to respond to Plaintiff's Motion for Sanctions and Supplement, which constitutes consent to grant the Motion. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). The Court has already imposed lesser sanctions in the form of awarding Plaintiff attorney's fees and costs associated with the Second Motions to Compel and notes that at the December 1, 2020 hearing, Plaintiff's counsel informed the Court that Defendants have not yet paid those fees and costs despite being ordered to do so by November 6, 2020. *See* (Doc. 91). The Court, therefore, finds lesser sanctions will not be effective in ensuring Defendants' future participation in this case or compliance with its orders.

### IV.     CONCLUSION

For the reasons stated above, the Court finds the *Ehrenhaus* factors weigh in favor of imposing default judgment against Defendants. Therefore, the Court recommends imposing default judgment against Defendants and awarding Plaintiff attorney fees associated with

briefing the Motion for Sanctions.  In addition, because Plaintiff does not request damages in a sum certain, *see* (Doc. 1), the Court recommends the presiding judge "conduct hearings or make referrals … to … determine the amount of damages" to award Plaintiff.  Fed. R. Civ. P. 55(b)(1)-2.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion for Sanctions be **GRANTED**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED.  PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.**