IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTINE LUCERO, as Next Friend
to DAN LUCERO,

                Plaintiff,

v.                                                             No. 2:19-cv-445 KWR/KRS

CITY OF CLOVIS
POLICE DEPARTMENT, et al.,

                Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Defendants' Motion to Set Aside Default Judgment, (Doc. 118), filed January 15, 2021.  Plaintiff filed a response to the Motion on January 29, 2021, (Doc. 123), and Defendants filed a reply on February 12, 2021, (Doc. 129). The presiding judge referred the Motion to the undersigned to conduct hearings and recommend an ultimate disposition of the Motion in accordance with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b).  (Doc. 125).  Having considered the briefing on the Motion, the record of the case, and relevant law, the Court recommends denying the Motion to Set Aside Default Judgment.

    **I.**        **BACKGROUND**

On March 9, 2020, the presiding judge ruled on Defendants' motion for summary judgment based on qualified immunity and concluded that a reasonable jury could find Defendant Aguilar's use of force was not objectively reasonable.  (Doc. 49).  The Court lifted the stay of discovery and Plaintiff filed her Second Motions to Compel against Defendants Aguilar,

City of Clovis Police Department, and Ford. (Docs. 52, 53). After holding a hearing, the Court granted Plaintiff's Second Motions to Compel and ordered: (1) Defendant Aguilar to fully respond to Plaintiff's discovery requests by July 3, 2020; (2) Defendant Aguilar to provide dates by July 10, 2020 for his deposition; (3) that Defendant Aguilar's deposition be held by August 30, 2020; and (4) Defendants City of Clovis and Ford to fully respond to Plaintiff's discovery requests by July 10, 2020. (Doc. 78).

On July 17, 2020, Plaintiff filed a Motion for Sanctions stating Defendants failed to provide any supplemental discovery by the deadlines in the Court's Order and asked the Court to enter default judgment against Defendants. (Doc. 80) at 2-3. In a supplemental filing, Plaintiff stated that Defendant Aguilar's deposition was held on August 17, 2020, but Defendants still had not provided fully responsive interrogatory responses, verification pages for responses, Defendant City of Clovis Police Department's insurance policy, Police Department policies and procedures, disciplinary reports contained in personnel files, and records regarding the police dog central to this case. (Doc. 94) at 4. Plaintiff stated she had taken depositions and filed expert witness reports without the benefit of written discovery, and she was unable to adequately prosecute her case due to Defendants' refusal to provide relevant and necessary discovery. *Id.* at 2; (Doc. 80) at 2.

At the hearing on the Motion for Sanctions, Defendants' counsel provided the following reasons for Defendants' failure to comply with discovery obligations and the Court's orders: (1) Defendant Aguilar was out of the country last year and has been difficult to reach during the pendency of this case; (2) Defendants were given a short time frame to comply with the Court's order granting Plaintiff's Second Motions to Compel; (3) Plaintiff's counsel was well-prepared

2

for Defendant Aguilar's deposition and appeared to have adequate information for the deposition; and (4) Defendants' counsel moved offices this summer and lost access to his files for a period of time. Defendants' counsel acknowledged that Defendant Aguilar's discovery responses were inadequate and stated that it would cost his client more money to fully respond to the discovery requests than to pay for Plaintiff's attorney's fees. Nevertheless, Defendants' counsel stated he had no intention to ignore the Court's order. (Doc. 103).

On December 2, 2020, the Court entered a Proposed Findings and Recommended Disposition ("PFRD") on the Motion for Sanctions. (Doc. 104). The Court considered the factors set forth in *Ehrenhaus v. Reynolds* for dismissal as a sanction: (1) degree of prejudice to the moving party; (2) amount of interference with the judicial process; (3) culpability of the litigant; (4) whether the court warned the party that dismissal is a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. 965 F.2d 916, 921 (10th Cir. 1992). First, the Court found that Defendants' failure to adequately respond to or supplement their discovery responses prejudiced Plaintiff by impeding her ability to prosecute her case, and Plaintiff continued to incur litigation expenses by attempting to engage Defendants to comply with the Court's order. The Court found the second factor also weighed in favor of default judgment because Defendants' failure to meet their discovery obligations resulted in multiple motions by Plaintiff seeking Court intervention to obtain discovery and recover unnecessarily incurred expenses. The Court also noted Defendants' disregard for the Court's July 8, 2020 order setting deadlines to supplement discovery.

Next, the Court found Defendants were culpable for their failure to comply with their discovery obligations because Defendant Aguilar had returned to the country as early as June 30,

2020, so he was able to comply with the Court's July 8, 2020 order. The Court further noted Defendant Clovis Police Department had not set forth any explanation for its failure to provide fully responsive discovery or to supplement its deficient responses during the more than four months Plaintiff's Motion for Sanctions had been pending. Moreover, Defendants did not request any extensions of time or otherwise notify the Court of difficulties in complying with the Court's order, and they did not provide any evidence of their unavailability or inability to respond to discovery requests. The Court reasoned that, while default judgment "is appropriate only in cases of willful misconduct," such misconduct is present where there is "any intentional failure as distinguished from involuntary noncompliance" and "[n]o wrongful intent need be shown." *Derma Pen, LLC v. 4EverYoung Ltd.*, 736 Fed. Appx. 741, 745-46 (10th Cir. 2018) (citation omitted). The Court, therefore, found Defendants were culpable for their failure to comply with their discovery obligations and the Court's Order on the Motions to Compel.

     Regarding the fourth factor, the Court found Defendants had adequate notice that Plaintiff sought the sanction of default judgment when she filed her Motion for Sanctions, and they had sufficient opportunity to remedy their failure to comply with their discovery obligations and they chose not to do so. Therefore, the Court found that factor weighed neither in favor of nor against default judgment. Finally, the Court found the fifth factor—the efficacy of lesser sanctions—weighed in favor of default judgment because Defendants knew since at least June 11, 2020 they were required to supplement their discovery responses and they failed to do so despite a pending Motion for Sanctions asking for default judgment. The Court noted that Defendants not only failed to respond to Plaintiff's discovery requests, they also failed to respond to Plaintiff's Motion for Sanctions and Supplement, and the Court had already imposed

lesser sanctions in the form of awarding Plaintiff attorney's fees and costs associated with the Second Motions to Compel. Therefore, the Court found that lesser sanctions would not be effective in ensuring Defendants' future participation in this case or compliance with its orders.

Based on the foregoing, the Court recommended: (1) granting Plaintiff's Motion for Sanctions (Doc. 80); (2) imposing default judgment against Defendants; and (3) awarding Plaintiff attorney fees associated with briefing the Motion for Sanctions. (Doc. 104) at 7-8. The parties were notified that written objections to the PFRD were due within fourteen days, but no objections were filed. On December 28, 2020, the presiding judge adopted the PFRD, noting that because no objections were filed, *de novo* and appellate review of the findings had been waived. (Doc. 109) at 1-2 (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059-60 (10th Cir. 1996)). Nevertheless, the presiding judge reviewed the record of the case and concluded the *Ehrenhaus* factors weighed in favor of imposing default judgment against Defendants for failing to meet their discovery obligations and comply with the Court's orders. The presiding judge entered default judgment in favor of Plaintiff and against Defendants and referred this case to the undersigned to conduct a jury trial on the question of damages pursuant to Fed. R. Civ. P. 55(b)(2). *Id.* at 2.

On January 15, 2021, Defendants, now represented by new counsel, filed a Motion to Set Aside Default Judgment, the subject of this PFRD. (Doc. 118). Defendants state that on December 17, 2020, Katherine Lengiewicz, a claims attorney for Defendants' insurance company, was informed that sanctions and a default judgment had been entered against Defendants. *Id.* at 8; (Doc. 118-3). Ms. Lengiewicz states that until December 17, 2020, she was unaware that Defendants' former counsel had not responded to discovery requests or the

sanctions motion, or that default judgment had been entered against Defendants. (Doc. 118-3) at 1. She states she reassigned the case to Defendants' current counsel, who entered their appearance in this case on December 28, 2020. *Id.*; (Doc. 118) at 3. Defendants Aguilar and Ford also assert that they were unaware their previous counsel did not respond to Plaintiff's Motion for Sanctions or file objections to the PFRD. *Id.* at 3; (Docs. 118-1, 118-2). Defendants argue they should not be sanctioned based on the conduct of their former counsel and that their failure to meaningfully participate in discovery was not willful or in bad faith. *Id.* at 4-8.

Plaintiff opposes the Motion to Set Aside Default Judgment and argues Defendants have refused to participate meaningfully in discovery since the beginning of this case by failing to meet discovery deadlines and comply with the Court's orders. (Doc. 123) at 1-2. Plaintiff contends Defendants have not shown the Court failed to make adequate findings when weighing the *Ehrenhaus* factors and have not established good cause to set aside the default judgment. *Id.* at 2-3. Plaintiff presents evidence that Defendants were in touch with their former counsel throughout this case and argues that Defendants are sophisticated litigants who knew how to check the court docket and demand routine case updates. *Id.* Plaintiff further argues that Defendants have still not produced all of Defendant Aguilar's supervisor reviews or his entire personnel file and that Defendant Aguilar has continually failed to provide accurate or complete responses to discovery requests and deposition questions. *Id.* at 4-5. Plaintiff notes Defendants' failure to fully respond to Plaintiff's discovery requests required Plaintiff to file a Third Motion to Compel, which is now pending. *Id.* at 6; (Doc. 121). In reply, Defendants maintain it is their former counsel, not Defendants, who failed to comply with discovery obligations and the Court's orders. (Doc. 129).

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Because judgment has not yet been entered in this case, the Court applies the lesser "good cause" standard for setting aside the entry of default. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (finding it "significant that judgment had not yet been entered" because "it is well established that the good cause required by [Rule] 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under [Rule] 60"); *Roberson et al. v. Farkas*, 2011 WL 13117113, at *3 (D.N.M.) (explaining "good cause" standard applies in case where default was entered regarding liability, but the issue of damages remained to be decided).

In determining whether good cause exists to set aside an entry of default under Rule 55(c), the principal factors courts consider are: (1) whether the default was the result of willfulness or culpable conduct by the defendant; (2) whether the plaintiff would be prejudiced if the default is set aside; and (3) whether the defendant has presented a meritorious defense. *See Watkins v. Donnelly*, 551 Fed. Appx. 953, 958 (10th Cir. 2014) (unpublished). These factors are not "talismanic" and may be considered with other factors, yet the Court need not consider all factors. *Hunt v. Ford Motor Co.*, 1995 WL 523646 at *3 (10th Cir. 1995) (unpublished). "If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone." *Id.* Setting aside an entry of default is addressed to the discretion of the district court, which has "a great deal of latitude" in exercising that discretion. *Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987). Default judgments

are not favored by courts. *Katzson Bros., Inc. v. U.S. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988). Nevertheless, this "judicial preference is counterbalanced by considerations of social goals, justice and expediency." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1990).

### III. ANALYSIS

Defendants assert the entry of default should be set aside because they were unaware of their former counsel's failure to comply with discovery obligations and the Court's orders, as well as his failure to respond to Plaintiff's Motion for Sanctions or file objections to the PFRD. In examining whether an entry of default was the result of a defendant's culpable conduct, courts begin with the general proposition that a lawyer's tactical decisions and noncompliance are imputed to the client. As the Tenth Circuit explains:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney[. A]ny rule which considered the client's lack of fault would be to visit the sins of client's counsel on the opposing counsel.

*Smith v. United States*, 834 F.2d 166, 170-71 (10th Cir.1987) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962)).

Litigants are routinely held accountable for their counsel's errors or oversights—there is "nothing novel" about "penalizing [a party] for his attorney's conduct." *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1189 (10th Cir. 2002) (explaining "the mistreated client is not totally without a remedy" as "[t]here may be a meritorious malpractice claim against the attorney"). As

explained by the United States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, a party cannot avoid "the consequences of the acts or omissions of [its] freely selected agent" because "[a]ny other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." 507 U.S. 380, 396-97 (1993) (citation omitted).  The reasoning behind this general rule that clients are bound by the acts or omissions of their attorneys is that it ensures both clients and lawyers take care to comply with the court's rules and orders.  *See Smith*, 834 F.2d at 170-71; *see also Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986) ("If the lawyer's neglect protected the client from ill consequences, neglect would become all too common.").

In addition, a court's power to dismiss a case is designed both to elicit action from the parties in the case at hand and to induce litigants and lawyers in other cases to adhere to timetables.  *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).  Therefore, courts require parties seeking to set aside a default judgment to make a showing of diligence and conscientiousness in their participation in the case and in keeping in contact with their counsel.  *See Inryco, Inc. v. Metropolitan Engineering Co.*, 708 F.2d 1225, 1234 (7th Cir. 1983) (denying motion to set aside default where defendant did not show she was "a diligent, conscientious client" who "follow[ed] the progress of the case" and "regularly inquire[d] of their lawyer or the court as to the case's current status").  In addition, to set aside an entry of default courts look for situations where deadlines were missed through mere oversight or where the defaulting party promptly reaches out to plaintiff's counsel and the court to fix any mistakes.  *See, e.g., Cannon v. SFM, LLC*, 2018 WL 5791614, at *2 (D. Kan.) (unpublished)

(finding good cause to set aside entry of default where there was no allegation of willfulness on the part of defendant or defendant's counsel, the record showed defendant's counsel missed a deadline due to oversight, and defendant's counsel promptly acted to fix the mistake); *Gold v. State Farm Mutual Auto. Ins. Co.*, 2018 WL 1010943, at *2 (D. Colo.) ("Courts have consistently held that an unintentional or good faith mistake does not rise to the level of culpable conduct under Rule 55(c), particularly where a party takes prompt action to remedy its error.") (collecting cases).

Here, Defendants state their former counsel kept them "out of the loop and in the dark regarding his failure to competently represent them throughout these proceedings." (Doc. 118) at 7. They argue they did not know there was a dispute regarding their discovery responses or that their attorney did not respond to the Motion for Sanctions or file objections to the PFRD. *Id.* at 7-8. However, Defendants Aguilar and Ford acknowledged at their depositions in August and September 2020 that they were aware of their obligations to respond fully and promptly to discovery requests and deposition questions. *See* (Doc. 123-1) at 7-8; (Doc. 123-2) at 2-3. Moreover, at Defendant Aguilar's August 17, 2020 deposition, he was informed the Court had ordered him to provide discovery responses that were due a year earlier. (Doc. 123-1) at 8. Similarly, on September 23, 2020, Defendant Ford was informed the Court had ordered him to supplement his discovery answers. (Doc. 123-2) at 3. While Defendants state they believed their counsel was taking care of the discovery issues, their statements in their affidavits that they were "unaware that there was any dispute with regard to discovery responses" are inconsistent with their being informed of such a dispute months earlier at their depositions. (Doc. 118-1) at 1; (Doc. 118-2) at 1.

In addition, the case record demonstrates that since the parties began the discovery process in July 2019, Defendants have not been diligent in fully and promptly responding to discovery requests and participating in depositions, resulting in multiple extensions and five motions to compel.  *See* (Doc. 123) at 3-4.  Plaintiffs have also established that Defendant Aguilar provided conflicting answers about how many times he has been disciplined.  *Compare* (Doc. 94-2) at 4, 6 and (Doc. 94-1) at 2-3 (stating he had only been disciplined once throughout his 13-year career) *with* (Doc. 123-1) at 4 (stating he had been disciplined "3 or 4 times … for paperwork").  Plaintiff further claims that after review of Defendant Aguilar's personnel file, which was received in a different case, it appears Defendant Aguilar has been disciplined approximately twenty times for more than paperwork inadequacies.  *See* (Doc. 123) at 5 (noting another inconsistency where Defendant Aguilar stated he had never been charged with a misdemeanor while his file shows he has been cited for careless driving).

Even after Defendants learned of the entry of default and obtained new counsel, instead of promptly providing all of the outstanding discovery, Defendants objected to providing all of Defendant Aguilar's supervisor reviews and only agreed to provide them for the five years prior to Plaintiff's injury.  *See* (Doc. 121) at 4-5; (Doc. 121-1).  After Plaintiff agreed to limit her request to those years, Defendants still did not provide all of the supervisor reviews from that time period, so Plaintiff states she does not have all of the reviews of Defendant Aguilar's uses of force despite Defendants being ordered to produce those in July 2020.  *See* (Doc. 123) at 2 (Plaintiff's reply to her Motion to Compel stating Plaintiff's counsel has evidence of at least nine supervisor's reviews that should have been produced).  While Defendants dispute that there are additional reviews that have not been produced, (*see* Doc. 126), the fact that Defendants objected

11

to Plaintiff's discovery requests after having been ordered to produce all of these documents, and after entry of default against them for withholding discovery, is further indication of Defendants' ongoing culpability in this case.

The cases Defendants rely on in support of their Motion to Set Aside Default Judgment do not support a finding that Defendants are not culpable because those cases involve parties who were unable to comply with discovery obligations or were completely unaware of the status of their cases. For example, in *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, the Tenth Circuit set aside default judgment upon a showing the defaulting party was unable to complete a deposition due to his poor health. 968 F.2d 1017, 1021 (10th Cir. 1992). Similarly, in *Byrne v. Nezhat*, the court found that "[n]othing in the record indicates [plaintiff] knew that a baseless claim had been brought on her behalf or that she was pursuing the [defendants] for a harassing or other impermissible purpose." 261 F.3d 1075, 1124 (11th Cir. 2001). Here, however, Defendants have engaged in dilatory conduct for months by failing to provide outstanding supplemental discovery and failing to correct inconsistencies with their deposition answers.

Based on the foregoing, the Court finds the entry of default was the result of Defendants' culpable conduct and Defendants have not shown sufficient diligence or conscientiousness in rectifying issues with the outstanding discovery. While Defendants now state in their affidavits that they intend to fully participate in discovery, Defendants have had multiple chances to be fully forthcoming and have failed to do so. Defendants place the blame for these failures on their former counsel, but they do not assert that they made any attempts to supplement incomplete responses or correct inconsistencies in deposition testimony despite being alerted as early as August and September 2020 the Court had ordered them to do so. Indeed, Defendants do not

state they were unable to contact their former counsel or that their former counsel refused to provide supplemental responses they provided him.  To the contrary, Defendants stated they had been in contact with their former counsel throughout the case.  *See* (Doc. 123-1) at 3 (Defendant Aguilar stating his attorney "has been grateful and professional enough to reach out to me and contact me as far as what, what is going on or what, what needed to be done or anything of that nature," and that Defendant Aguilar chose not to contact his attorney despite having the ability to do so); (Doc. 123-4) (emails from Defendants' former counsel indicating he was in contact with Defendant Ford).

Defendants also fail to substantiate their claim that their former counsel was to blame for their failure to comply with their discovery obligations.  The Tenth Circuit has held that allegations of a "communications gap" between a defaulting party and its former counsel are best supported with an affidavit from the attorney, "either voluntarily given or compelled by subpoena, as to the attorney's explanation" for the behavior that led to the default.  *Pelican Production Corp. v. Marino, et al.*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("We believe a most obvious void exists where a party claims that its counsel's activities were not its own, but fails to demonstrate to the court any effort to produce explanation from its former counsel for his conduct."); *see also SLC Turnberry, LTD v. The American Golfer*, 240 F.R.D. 50, 53 (D.Conn. 2007) (relying on affidavit by defaulting party's counsel confirming he neglected to respond to a Motion to Dismiss in finding the default was not willful but rather due to the carelessness and neglect of the former counsel).  Moreover, Defendants are sophisticated and experienced litigants and neither they nor their insurer explain why they did not monitor the case docket or require periodic updates from their former counsel.

For the foregoing reasons, the Court finds that Defendants are culpable for the entry of default, even under Rule 55(c)'s lesser "good cause" standard. This finding is sufficient to deny a motion to set aside the entry of default. *See Hunt*, 1995 WL 523646 at *3 ("If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone."). Nevertheless, the Court addresses the other two Rule 55(c) factors. As for the second factor, the Court finds that Plaintiff would suffer substantial prejudice if the default is set aside because of the time and expense it would require for Plaintiff to continue to pursue the outstanding discovery and retake depositions that were completed without fully responsive discovery. As stated in the Court's earlier PFRD, Plaintiff has been impeded in her ability to prosecute her case and continues to incur litigation expenses with the multiple motions required to obtain discovery that Defendants should have long since produced.

The Court also finds the third factor—whether Defendants have presented a meritorious defense—weighs in favor of declining to set aside the entry of default. Defendants assert they have a meritorious defense, but they do not state what that is other than it is for a jury to decide whether Defendant Aguilar's use of force was objectively reasonable. (Doc. 19) at 4. However, to show a meritorious defense sufficient to set aside a default judgment, Defendants must submit a "sufficient elaboration of the facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious ." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir.1978) (citations omitted) ("Unlike the simple notice pleading required in original actions, the rule relating to relief from default judgments contemplates more than mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense."); *see also Maes v. Bland*, 2019 WL 4187528, at *3 (D. Colo.) (holding that "cursory allegations" that "set out

14

neither factual bases nor legal bases sufficient to establish [meritorious] defenses" were insufficient to require entry of default be set aside).  Defendants have not presented any elaboration of their proposed defense that rises to the level of good cause required to set aside the entry of default.

## IV. CONCLUSION

For the reasons stated above, the Court does not find good cause to set aside the entry of default because the entry of default was the result of culpable conduct by Defendants, Plaintiff would be prejudiced if the default is set aside, and Defendants have not presented a sufficiently meritorious defense.

**IT IS THEREFORE RECOMMENDED** that Defendants' Motion to Set Aside Default Judgment, (Doc. 118), be **DENIED**.

_/s/ Kevin Sweazea_
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.