IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTINE LUCERO, as Next Friend
to DAN LUCERO

                Plaintiff,

v.                                                  No. 2:19-cv-00445-KWR-KRS

CITY OF CLOVIS POLICE DEPARTMENT et al.,

                Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 134), in which the Magistrate Judge recommended denying Defendants' Motion to Set Aside Default Judgment (Doc. 118). Defendants' Motion to Set Aside Default Judgment was referred to the Magistrate Judge to conduct hearings and recommend an ultimate disposition of the Motion in accordance with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b). (Doc. 125). The Magistrate Judge filed the PFRD on April 9, 2021, finding Defendants have not presented good cause to set aside the entry of default judgment in this case. (Doc. 134) at 15. Defendants filed objections to the PFRD on April 23, 2021, disputing the Magistrate Judge's findings. (Doc. 135). Plaintiff did not file objections or a response to Defendants' objections, and the time for doing so has passed. Having considered the PFRD, Defendants' objections, the record of the case, and relevant law, the Court will overrule Defendants' objections, adopt the PFRD, and deny Defendants' Motion to Set Aside Default Judgment.

## I. BACKGROUND

The history of this case is summarized in the PFRD and is not repeated here. *See* (Doc. 134) at 1-6. Relevant to the Court's determination is that, after Plaintiff's Motion for Sanctions was granted based on the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), and default judgement was entered in favor of Plaintiff, Defendants obtained new counsel and filed their Motion to Set Aside Default Judgment, (Doc. 118). Defendants state they were unaware their former counsel had not responded to discovery requests or the sanctions motion, or that default judgment had been entered against them. *Id.* at 3; (Docs. 118-1, 118-2, 118-3). Defendants assert they should not be sanctioned based on the conduct of their former counsel and that their failure to meaningfully participate in discovery was not willful or in bad faith. (Doc. 118) at 4-8.

The Magistrate Judge considered Defendants' Motion to Set Aside Default Judgment under the lesser good cause standard of Federal Rule of Civil Procedure 55(c) because judgment has not yet been entered in this case. (Doc. 134) at 7. Accordingly, the Magistrate Judge considered: (1) whether the default was the result of willfulness or culpable conduct by Defendants; (2) whether Plaintiff would be prejudiced if the default is set aside; and (3) whether Defendants presented a meritorious defense. *See Watkins v. Donnelly*, 551 Fed. Appx. 953, 958 (10th Cir. 2014) (unpublished). The Magistrate Judge explained that these factors are not "talismanic" and may be considered with other factors. *Hunt v. Ford Motor Co.*, 1995 WL 523646 at *3 (10th Cir. 1995) (unpublished). Moreover, "[i]f the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone." *Id.* While default judgments are not favored by courts, this "judicial preference is counterbalanced by considerations of social goals, justice and expediency." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1990); *Katzson Bros., Inc. v. U.S. E.P.A.*, 839 F.2d 1396, 1399

(10th Cir. 1988). Additionally, setting aside an entry of default is left to the discretion of the district court, which has "a great deal of latitude" in exercising that discretion. *Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987).

The Magistrate Judge first considered Defendants' argument that the entry of default should be set aside because they were unaware of their former counsel's failure to comply with discovery obligations and the Court's orders, as well as his failure to respond to Plaintiff's Motion for Sanctions or file objections to the PFRD on the sanctions motion. (Doc. 134) at 8-14. The Judge noted the general proposition that a lawyer's tactical decisions and noncompliance are imputed to the client. As explained by the Tenth Circuit:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney[. A]ny rule which considered the client's lack of fault would be to visit the sins of client's counsel on the opposing counsel.

*Smith v. United States*, 834 F.2d 166, 170-71 (10th Cir.1987) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962)).

The Magistrate Judge considered that Defendants Aguilar and Ford acknowledged at their depositions in August and September 2020 that they were aware of their obligations to provide additional information in order to fully respond to discovery requests and deposition questions. *See* (Doc. 123-1) at 7-8; (Defendant Aguilar's August 17, 2020 deposition where he was informed the Court had ordered him to provide discovery responses that were due a year earlier); and (Doc. 123-2) at 2-3 (Defendant Ford's September 23, 2020 deposition where he was

3

informed the Court had ordered him to supplement his discovery answers). The Judge, therefore, found Defendants' statements in their affidavits that they were "unaware that there was any dispute with regard to discovery responses" to be inconsistent with them having been informed of such a dispute months earlier at their depositions. *See* (Doc. 118-1) at 1; (Doc. 118-2) at 1.

The Magistrate Judge further considered that since the parties began the discovery process in July 2019, Defendants had not been diligent in fully and promptly responding to discovery requests and participating in depositions, resulting in multiple extensions and five motions to compel. *See* (Doc. 123) at 3-4. Further, Plaintiffs established that Defendant Aguilar provided conflicting answers about how many times he had been disciplined. *Compare* (Doc. 94-2) at 4, 6 and (Doc. 94-1) at 2-3 (stating he had only been disciplined once throughout his 13-year career) *with* (Doc. 123-1) at 4 (stating he had been disciplined "3 or 4 times … for paperwork"); *see also* (Doc. 123) at 5 (noting another inconsistency where Defendant Aguilar stated he had never been charged with a misdemeanor while his file shows a citation for careless driving). Even after Defendants learned of the entry of default and obtained new counsel, instead of promptly providing all outstanding discovery, Defendants objected to providing all of Defendant Aguilar's supervisor reviews and only agreed to provide them for the five years prior to Plaintiff's injury. *See* (Doc. 121) at 4-5; (Doc. 121-1). The Magistrate Judge distinguished the cases relied on by Defendants in support of their Motion to Set Aside Default Judgment because those cases involved parties who were unable to comply with discovery obligations or were completely unaware of the status of their cases. *See Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992) (setting aside default judgment upon a showing the defaulting party was unable to complete a deposition due to his poor health); *Byrne v. Nezhat*, 261 F.3d 1075, 1124 (11th Cir. 2001) (finding "[n]othing in the record indicates [plaintiff] knew

4

that a baseless claim had been brought on her behalf or that she was pursuing the [defendants] for a harassing or other impermissible purpose).

Considering that Defendants engaged in dilatory conduct for months by failing to provide outstanding supplemental discovery and failing to correct inconsistencies with their deposition answers, the Magistrate Judge found that the entry of default was the result of Defendants' culpable conduct and Defendants have not shown sufficient diligence or conscientiousness in rectifying issues with the outstanding discovery. *See* (Doc. 134) at 13-14. In making this determination, the Magistrate Judge noted that Defendants did not allege they were unable to contact their former counsel or that their former counsel refused to provide supplemental responses they provided him, they did not provide an affidavit from their former counsel, and they and their insurer are sophisticated and experienced litigants capable of monitoring the case docket and requiring periodic updates from their former counsel. *See Pelican Production Corp. v. Marino, et al.*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("We believe a most obvious void exists where a party claims that its counsel's activities were not its own, but fails to demonstrate to the court any effort to produce explanation from its former counsel for his conduct."); *see also* (Doc. 123-1) at 3 (Defendant Aguilar stating his attorney "has been grateful and professional enough to reach out to me and contact me as far as what, what is going on or what, what needed to be done or anything of that nature," and that Defendant Aguilar chose not to contact his attorney despite having the ability to do so); (Doc. 123-4) (emails from Defendants' former counsel indicating he was in contact with Defendant Ford). The Magistrate Judge also considered the other two Rule 55(c) factors and found that Plaintiff would suffer substantial prejudice if the default is set aside and that Defendants failed to present a meritorious defense. Therefore, the Court recommended denying Defendants' Motion to Set Aside Default Judgment.

## II. STANDARD OF REVIEW

District Judges may refer dispositive motions to Magistrate Judges for proposed findings and a recommended disposition pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). To preserve an issue for review, a party's objections must be "both timely and specific." *United States. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In reviewing such objections, the district judge must "make *de novo* determinations of those portions of the [PFRD] … to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). While the district judge must conduct a *de novo* review of the record, no specific findings are required, and the Court may place whatever reliance it chooses on the magistrate judge's recommendation. *See Garcia v. City of Albuquerque*, 232 F.3d 760 (10th Cir. 2000); *United States v. Raddatz*, 447 U.S. 667, 676 (1980). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act.") (citations omitted).

## III. DEFENDANTS' OBJECTIONS

Defendants first object to the Magistrate Judge's finding that the actions of Defendants' former counsel can be imputed on them because "Defendants did not freely seek out and choose the legal services" of their former counsel. (Doc. 135) at 3. Instead, Defendants state their former counsel was assigned to represent them by their insurer. Defendants do not provide any

authority for this argument and the Court is not convinced that the fact that counsel is provided by an insurer affects the routinely-enforced proposition that litigants are held accountable for their counsel's errors or oversights. *See Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1189 (10th Cir. 2002) (explaining there is "nothing novel" about "penalizing [a party] for his attorney's conduct"); *Smith*, 834 F.2d at 170-71 (explaining the reasoning behind this general rule is to ensure clients and lawyers take care to comply with the court's rules and orders, and "any rule which considered the client's lack of fault would be to visit the sins of client's counsel on the opposing counsel"). Therefore, the Court overrules this objection.

Next, Defendants argue that once they discovered their former counsel's failure to comply with the Court's Orders they took "prompt action to remedy the errors that resulted in the default judgment that was entered against them." (Doc. 134) at 3. However, Defendants do not state what actions were taken other than that their current counsel left messages with their former counsel and their former counsel was not responsive. *Id.* at 4; (Docs. 135-1, 135-2) (stating "Defendants['] current counsel could not force a recalcitrant lawyer to cooperate."). This argument is unpersuasive because the Magistrate Judge's findings relating to Defendants' culpable conduct were based on the litigants' conduct and not solely on the conduct of their former counsel. The Magistrate Judge found that Defendants Aguilar and Ford were aware as early as August and September 2020 that the Court had ordered them to supplement their discovery responses, and Defendant Aguilar provided conflicting answers about how many times he had been disciplined. (Doc. 134) at 10-11 (citing Docs. 94-1, 94-2, and 123-1). Defendants do not address these inconsistencies in their objections despite the Magistrate Judge pointing out that Defendants' statements in their affidavits that they were "unaware that there was any dispute with regard to discovery responses" are inconsistent with them having been informed of such a dispute months earlier at their depositions. *Id.* at 10 (citing Docs. 118-1 and Doc. 118-2). In

determining whether good cause exists to set aside an entry of default under Rule 55(c), the Court must determine whether the default was the result of culpable conduct by the defendant. *Watkins*, 551 Fed. Appx. at 958. Accordingly, Defendants' former counsel's failure to communicate after January 2021 does not affect the Court's findings regarding Defendants' conduct during the discovery phase of this case that led to the default judgment. This objection is overruled as well.

Defendants' third objection is that the Magistrate Judge was incorrect in finding that Defendants were ordered to produce their supervisor reviews in July 2020 because the first time Plaintiff requested supervisor reviews was in the First Supplemental Requests for Production, served on November 16, 2020, after Plaintiff learned of the missing supervisor reviews during Defendants' depositions. (Doc. 135) at 4-5; (Doc. 135-5). Defendants objected to this discovery request as overly broad and now argue that the Magistrate Judge should not have held this objection against them in finding Defendants culpable for the default judgment. *Id.* at 5-6. In July 2020, the Magistrate Judge granted Plaintiffs' Motions to Compel in full, which included requests for Defendant Aguilar's and Ford's employment records. *See* (Doc. 52-1) at 3; (Doc. 53-2) at 3; (Doc. 78). By arguing that Plaintiffs did not properly request the supervisor reviews until November 16, 2020, Defendants appear to contend the supervisor reviews were not part of Defendants' employment records. However, Plaintiff states in her pending Third Motion to Compel that in another case in which Defendant Aguilar is also a defendant, Plaintiff's counsel received copies of two supervisor reviews as part of Defendant Aguilar's personnel file. (Doc. 121) at 3. Plaintiffs further allege they know of nine other supervisor reviews missing from Defendant Aguilar's production. (Doc. 132-1) at 1. Defendants are correct that this issue has not been resolved and they maintain they have produced all supervisor reviews in their possession. (Doc. 135) at 6. Nevertheless, Defendants' argument that a review by a supervisor

is not considered part of an employment file is tenuous, and the Court finds no error in the Magistrate Judge considering Defendants' objection to producing these reviews, especially in light of Defendants' repeated failures to produce relevant discovery throughout this case. The Court overrules this objection.

Next, Defendants dispute the Magistrate Judge's suggestion that Defendants could have obtained an affidavit from their former counsel explaining his failure to adequately represent them. Defendants state their former counsel ceased communicating with Defendants' current counsel in January 2021, and Defendants' former counsel died on March 4, 2021. (Doc. 135) at 6-7; (Doc. 135-6). In the PFRD, the Magistrate Judge explained that the Tenth Circuit has held that allegations of a "communications gap" between a defaulting party and its former counsel are best supported with an affidavit from the attorney, "either voluntarily given or compelled by subpoena, as to the attorney's explanation" for the behavior that led to the default. *Pelican Production Corp.*, 893 F.2d at 1146 (10th Cir. 1990) ("We believe a most obvious void exists where a party claims that its counsel's activities were not its own, but fails to demonstrate to the court any effort to produce explanation from its former counsel for his conduct."); *see also SLC Turnberry, LTD v. The American Golfer*, 240 F.R.D. 50, 53 (D.Conn. 2007) (relying on affidavit by defaulting party's counsel confirming he neglected to respond to a Motion to Dismiss in finding the default was not willful but rather due to the carelessness and neglect of the former counsel). The Court finds no error in the Magistrate Judge's reliance on this precedent. Moreover, Defendants fail to explain why they did not subpoena the former counsel in December 2020 or January 2021 to support their position that the conduct that led to default judgment was solely the fault of counsel, not Defendants. Therefore, the Court will overrule this objection.

Defendants also object to the Magistrate Judge's finding that they are sophisticated and experienced litigants who could have monitored the case docket and required periodic updates

9

from their former counsel. (Doc. 135) at 7. Defendants state they do not know how to monitor the status of their case on a case docket or electronic filing system, and it was their counsel's duty to keep them informed about the status of the case. *Id.* As explained in the PFRD, because a court's power to dismiss a case is designed both to elicit action from the parties in the case at hand and to induce litigants and lawyers in other cases to adhere to timetables, courts require parties seeking to set aside a default judgment to make a showing of diligence and conscientiousness in their participation in the case and in keeping in contact with their counsel. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); *Inryco, Inc. v. Metropolitan Engineering Co.*, 708 F.2d 1225, 1234 (7th Cir. 1983) (denying motion to set aside default where defendant did not show she was "a diligent, conscientious client" who "follow[ed] the progress of the case" and "regularly inquire[d] of their lawyer or the court as to the case's current status"); *Cannon v. SFM, LLC*, 2018 WL 5791614, at *2 (D. Kan.) (unpublished) (finding good cause to set aside entry of default where there was no allegation of willfulness on the part of defendant or defendant's counsel, the record showed defendant's counsel missed a deadline due to oversight, and defendant's counsel promptly acted to fix the mistake); *Gold v. State Farm Mutual Auto. Ins. Co.*, 2018 WL 1010943, at *2 (D. Colo.) ("Courts have consistently held that an unintentional or good faith mistake does not rise to the level of culpable conduct under Rule 55(c), particularly where a party takes prompt action to remedy its error.") (collecting cases). Defendants are not *pro se* litigants and this is not their first time to be involved in a lawsuit. While the individual Defendants may not know how to check a case docket, Defendants do not assert their insurer is similarly unable to monitor the electronic docket. Defendants also fail to address whether they inquired about the status of the case from their counsel or attempted to provide the deficient discovery when they learned it had been ordered by the Court. Accordingly, the Court overrules this objection.

Finally, Defendants object to the PFRD because they assert that they have a meritorious defense against Plaintiff's claims. (Doc. 135) at 7-8. In their Motion to Set Aside Default Judgment, Defendants failed to state what their defense is other than it would be for a jury to decide whether Defendant Aguilar's use of force was objectively reasonable. (Doc. 19) at 4. In considering the third Rule 55(c) factor—whether Defendants have presented a meritorious defense—the Magistrate Judge found this factor weighed in favor of declining to set aside the entry of default because, in order to show a meritorious defense sufficient to set aside default judgment, a defendant must submit "sufficient elaboration of the facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978) (citations omitted); *see also Maes v. Bland*, 2019 WL 4187528, at *3 (D. Colo.) (holding that "cursory allegations" that "set out neither factual bases nor legal bases sufficient to establish [meritorious] defenses" were insufficient to require entry of default be set aside). In their objections, Defendants present a more detailed defense against Plaintiff's claims. Nevertheless, the Court finds this does not affect the Magistrate Judge's findings for two reasons. First, this issue was presented for the first time in Defendants' objections to the PFRD, and "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Second, even if the Court were to find that the defense presented should weigh in favor setting aside the default judgment, the other two Rule 55(c) factors weigh more heavily in the other direction. The Court agrees with the Magistrate Judge that Defendants are culpable for the default judgment as they engaged in dilatory conduct for many months by failing to provide outstanding supplemental discovery and failing to correct inconsistencies in their discovery responses and deposition testimony. The Court further agrees that Plaintiff would suffer substantial prejudice if the default is set aside because of the time and expense required to

continue to pursue the outstanding discovery and retake depositions that were completed without fully responsive discovery. The Court is also mindful that the three Rule 55(c) factors are not "talismanic" and "[i]f the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone." *Hunt*, 1995 WL 523646 at *3 (10th Cir. 1995).

**IT IS THEREFORE ORDERED**, for the reasons stated above, that:

1. Defendants' Objections, (Doc. 135), are **OVERRULED**;
2. The Magistrate Judge's Proposed Findings and Recommended Disposition, (Doc. 134), is **ADOPTED**;
3. Defendants' Motion to Set Aside Default Judgment, (Doc. 118), is **DENIED**; and
4. The Magistrate Judge shall proceed with a jury trial on the question of damages pursuant to Fed. R. Civ. P. 55(b)(2), which was previously referred to the Magistrate Judge in Document 109.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**